UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61136-WPD

JULISA SUAREZ-LAU,

    Plaintiff,

v.

P.D.K.N. HOLDINGS, LLC,
d/b/a PDKN RESTAURANT GROUP,
P.D.K.N. P-7, LLC, and
P.D.K.N. P-7 OP., LLC, d/b/a THE BALCONY,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND
## THE AMENDED COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW

Plaintiff, Julisa Suarez-Lau ("Suarez-Lau"), by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2) and this Court's Orders [ECF Docs. 24 and 28], hereby seeks this Court's leave to amend the Amended Complaint [ECF Doc. 4] with the proposed Second Amended Complaint, which is attached hereto as Exhibit 1[1].

Specifically, Suarez-Lau seeks leave to amend the Amended Complaint by adding new Counts XI, XII, XIII and XIV (and proposed collective and class actions) alleging Defendants, P.D.K.N. Holdings, LLC, d/b/a PDKN Restaurant Group ("PDKN"), P.D.K.N. P-7, LLC ("PDKN P-7"), and P.D.K.N. P-7 OP., LLC, d/b/a The Balcony ("PDKN OP"), violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as amended; Article X, Section 24, Florida Constitution ("Section 24"), and the Florida Minimum Wage Act (Section 448.110(6), Florida Statutes) ("FMWA").

---

[1] The amendments at issue are underlined in the proposed Second Amended Complaint.

As explained in more detail in the incorporated Memorandum of Law, allowing Suarez-Lau to file the Second Amended Complaint would serve justice and promote judicial efficiency. Further, Suarez-Lau's proposed amendment would not introduce substantial or undue prejudice, bad faith, undue delay or futility into this litigation.

## S.D. FLORIDA LOCAL RULE 7.1(a)(3) CERTIFICATE

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), the undersigned counsel certifies that he conferred with the counsel for the PDKN, PDKN P-7 and PDKN OP on October 24-25, 2020, and counsel advised that PDKN, PDKN P-7 and PDKN OP do not agree to, and object to the relief sought in, the Motion to Amend.

## CONCLUSION

For all these reasons, as well as those stated in the incorporated Memorandum of Law, Plaintiff, Julisa Suarez-Lau, hereby respectfully request leave of this Court to amend the Amended Complaint [ECF Doc. 4], which was filed on June 10, 2020, with the proposed Second Amended Complaint, which is attached hereto as Exhibit 1 and adds new claims and proposed collective and class actions under the Fair Labor Standards Act; Article X, Section 24, Florida Constitution; and the Florida Minimum Wage Act.

Dated: November 25, 2020.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Michael L. Buckner

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Michael L. Buckner, Esquire
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 106331
　　　　　　　　　　　　　　　　　　　　Email: michaelbucknerlaw@gmail.com
　　　　　　　　　　　　　　　　　　　　5224 NW 96th Drive
　　　　　　　　　　　　　　　　　　　　Coral Springs, Florida 33076-2487
　　　　　　　　　　　　　　　　　　　　Office: +1-954-347-0112
　　　　　　　　　　　　　　　　　　　　Facsimile: +1-954-513-4796

　　　　　　　　　　　　　　　　　　　　*Attorney for the Plaintiff, Julisa Suarez-Lau*

## **MEMORANDUM OF LAW**

Plaintiff, Julisa Suarez-Lau ("Suarez-Lau"), by and through her undersigned counsel, hereby provides the legal argument in support of the Motion for Leave to Amend the Amended Complaint (the "Motion to Amend").

## **PROCEDURAL HISTORY**

On June 9, 2020, Suarez-Lau initiated this lawsuit with the filing of the Complaint [ECF Doc. 1]. The Complaint alleged the Defendants, P.D.K.N. Holdings, LLC, d/b/a PDKN Restaurant Group ("PDKN"), P.D.K.N. P-7, LLC ("PDKN P-7"), and P.D.K.N. P-7 OP., LLC, d/b/a The Balcony ("PDKN OP"), violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, including by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended, including by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.*; and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, *et seq.*, as amended.

On June 10, 2020, pursuant to Federal Rule of Civil Procedure 15(a), Suarez-Lau filed with this Court an Amended Complaint [ECF Doc. 4].

On June 15, 2020, Suarez-Lau served the Summons and Amended Complain on the Defendants [ECF Doc. 11].

On July 6 and 20, 2020, Defendants filed Motions for Enlargement and Extension of Time to file a response to the Amended Complaint [ECF Docs. 18 and 20]. This Court subsequently granted the extensions of time.

On July 22, 2020, Defendants timely filed, per this Court's Orders, their Answer and Affirmative Defenses to Complaint [ECF Doc. 22].

On August 6, 2020, the parties filed with this Court the Joint Scheduling and Discovery Report [ECF Doc. 23].

On August 7, 2020, this Court entered its Scheduling Order [ECF Doc. 24]. The Order included an October 26, 2020, deadline for the parties to file a "Motions To Amend Pleadings/Add Parties." ECF Doc. 24 at p. 2.

On August 13, 2020, Suarez-Lau propounded the First Set of Interrogatory and First Request for Production to each Defendant.

On September 14, 2020, Defendants requested Suarez-Lau to agree to a two-week extension (to September 28, 2020) to respond to the August 13, 2020, discovery requests. Suarez-Lau did not object to the request.

On September 24, 2020, Suarez-Lau propounded the Second Set of Interrogatory and Second Request for Production to each Defendant.

On September 28, 2020, Defendants requested a second extension (to October 5, 2020) to respond to the August 13, 2020, discovery requests. In a September 28 email, legal counsel for Suarez-Lau informed Defendants' legal counsel that he had "no objections if you would not oppose a reasonable extension to the October 26 deadline to add parties/claims (if needed or necessary)."

On October 5, 2020, PDKN OP, PDKN and PDKN P-7 served their written responses and objections to the First Request for Production. Further, PDKN and PDKN P-7 served their answers to the First Set of Interrogatories.

On October 6, 2020, PDKN OP served its answers to the First Set of Interrogatories. Later, on October 6, Defendants provided Suarez-Lau with the initial round of documents in response to the First Request for Production.

On October 12, 2020, legal counsel for the parties conducted a telephone conference to resolve any discovery issues pertaining to Defendants' answers to the First Set of Interrogatory as well as responses, and document production relating, to the First Request for Production. During the October 12 telephone conference, Defendants' legal counsel inquired whether Suarez-Lau would oppose a Motion to Compel Arbitration.

On October 13, 2020, in response to the arbitration posed during the October 12 telephone conference, Suarez-Lau's legal counsel advised the Defendants in an email that Suarez-Lau "does not agree to the requested relief in the proposed motion, so we will oppose it (naturally, we do not oppose the filing of the motion)."

On October 16, 2020, Suarez-Lau propounded the Third Request for Production to the Defendant in anticipation of the filing of the Motion to Compel Arbitration. The discovery was specifically designed to elicit information pertaining to the existence of a valid arbitration agreement between Suarez-Lau and the Defendants. Also, on October 16, this Court granted Suarez-Lau's October 15, 2020, Motion to Amend the Scheduling Order [ECF Doc. 27] and extended the deadline for filing a motion to amend pleadings or to add parties [ECF Doc. 28].

On October 28, 2020, Defendants filed the Motion to Compel Arbitration [ECF Doc. 31]. Later, on October 28, this Court referred the Motion to Compel Arbitration "to United States Magistrate Judge Lurana Snow for appropriate disposition or report and recommendation" [ECF Doc. 32]. Finally, Suarez-Lau filed an Expedited Motion to Stay Briefing on Defendants Motion to Compel Arbitration [ECF Doc. 33].

On October 30, 2020, PDKN, PDKN P-7 and PDKN OP filed a Joint Motion for Entry of Agreed Confidentiality Order [ECF Doc. 36].

On November 2, 2020, Magistrate Judge Lurana S. Snow issued an Order granting "Plaintiff's [Unopposed] Expedited Motion to Stay Briefing On Defendants' Motion to Compel Arbitration which the Court interprets as a motion to modify the briefing schedule. Accordingly, in light of ECF No. 35 indicating that Defendants do not oppose the relief requested, the Response to the Motion to Compel Arbitration shall be due on or before November 30, 2020, and the Reply shall be due on or before December 7, 2020." [ECF Doc. 37].

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend his or her pleading once as a matter of course, and in all other cases only with opposing party's consent or with a court's leave. Specifically, the rule directs that a district "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, a "plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief." Datto v. Florida International University Board of Trustees, No. 1:20-cv-20360-BLOOM/Louis, slip op. at 5 (S.D. Fla. Nov. 5, 2020) (*citing* Foman v. Davis, 371 U.S. 178, 182 (1962)). In addition, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F. 3d 1161, 1163 (11th Cir. 2001). Finally, the Honorable Beth Bloom, United States District Judge, recently noted:

> A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend. That consideration arises only if there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.

6

Havana Docks Corporation v. Carnival Corporation, No. 19-cv-21724-BLOOM/McAliley, slip op. at 4 (S.D. Fla. Oct. 27, 2020) (granting plaintiff's motion for leave to file second amended complaint) (*quoting* Dussouy v. Gulf Coast Inv. Corp., 660 F. 2d 594, 598 (5th Cir. 1981)).

## ARGUMENT

In this case, Suarez-Lau seeks leave to amend the Amended Complaint to add new Counts XI, XII, XIII and XIV (and proposed collective and class actions) alleging PDKN, PDKN P-7 and PDKN OP violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), as amended; Article X, Section 24, Florida Constitution ("Section 24"), and the Florida Minimum Wage Act (Section 448.110(6), Florida Statutes) ("FMWA"). In particular, through the proposed amendment, Suarez-Lau alleges PDKN, PDKN P-7 and PDKN OP failed to: (1) compensate Suarez-Lau and similarly situated individuals who work or worked as servers, bartenders and other positions with similar job titles and/or duties at The Balcony for work done during pre-shift periods (Counts XI and XII); and (2) reimburse Suarez-Lau and similarly situated individuals for the expenses and costs associated with their purchase of uniform items and/or equipment required for employment at The Balcony (Counts XIII and XIV). Suarez-Lau's Motion to Amend should be granted by this Court for three reasons.

First, Suarez-Lau files the Motion to Amend without undue delay, bad faith or dilatory motives. Specifically, Suarez-Lau's request to amend the Amended Complaint comes within the time allowed by the Scheduling Order [ECF Doc. 24], as amended by this Court's Order [ECF Doc. 28], to file motions to amend the pleadings. See Havana Docks, slip op. at 4-5 (finding the plaintiff "has timely sought the Court's permission to file the Second Amended Complaint in compliance with the Court's September 28, 2020, deadline. Thus, absent any apparent or compelling reason for denial, leave to amend should be freely given, as required by Rule

15(a)(2)") ("In light of the fact that Plaintiff filed its Motion within the time period the Court set for the deadline to amend, the Court is unpersuaded by Defendant's arguments regarding Havana Docks' alleged undue delay in seeking to amend."). Further, Suarez-Lau has already engaged in discovery during this case to produce information and data to support the FLSA and FMWA claims in the proposed amendment[2]. In addition, based on the application of existing case law (see argument *infra* at pp. 10-12) to Suarez-Lau's recollection and the limited discovery produced, the proposed amendment is not filed in bad faith since the FLSA and FMWA claims are not baseless legal theories or frivolous and were not filed for an improper purpose.

Second, there will be no substantial or undue prejudice to PDKN, PDKN P-7 and PDKN OP since other federal courts have permitted amendments that added FLSA claims even if the amendment would result in parties incurring additional discovery, cost and preparations to defend against new facts or new theories. For example, the district court in Alvarado v. Shipley Donut Flour Supply Co., Inc., No. H-06-2113 (S.D. Tex. Nov. 17, 2006), permitted the plaintiffs to amend their employment discrimination complaint to add a claim under the Fair Labor Standards Act. Id. at 1. In reaching its decision, the Alvarado Court noted:

> The amendment is important to Plaintiffs who now believe they have a FLSA claim against Defendant. The amendment is also important to principles of judicial economy. If Plaintiffs are not permitted to amend their Complaint in this case, they would be entitled to file a separate lawsuit asserting their FLSA claims, requiring additional service of process and an additional pretrial and scheduling conference.

Id. at 3. In a non-FLSA case (but useful due to similar procedural context), the Honorable Beth Bloom of this District Court, in ruling on a motion for leave to file a second amended complaint

---

[2] Suarez-Lau's Motion to Amend is based, in part, on an ongoing evaluation of her work history at The Balcony, as well as an analysis of the limited discovery received by her legal counsel thus far in this case. Further, in requests for production of documents, Suarez-Lau sought information and data concerning wage records, time sheets and other employment-related documentation that related to the putative FLSA and FMWA claims from PDKN, PDKN P-7 and PDKN OP, which deem the information to be confidential and proprietary. After the parties conferred, PDKN, PDKN P-7 and PDKN OP filed a Joint Motion for Entry of Agreed Confidentiality Order on October 30, 2020 [ECF Doc. 36]. The parties are awaiting this Court's ruling on the Joint Motion.

in Havana Docks Corporation v. Carnival Corporation, dismissed any alleged prejudice if the amendments were granted:

> Similarly, with regard to Defendant's argument that it will be unduly prejudiced if the requested amendment is permitted, the Court notes that the parties have almost three months to engage in ongoing discovery before the January 12, 2021, discovery deadline. The Court does not find Defendant's alleged prejudice to be so significant as to bar amendment, which should otherwise be freely granted before the expiration of the amendment deadline under the Federal Rules of Civil Procedure.

Id. at 5-6. Further, Suarez-Lau believes that if any prejudice does exist, then it can be mitigated by the parties proceeding on a bifurcated discovery schedule—maintaining the original discovery cutoff for the original discrimination claims and another track for the FLSA and FMWA claims—or other procedural framework imposed by this Court[3]. Finally, although the proposed amendment will expand the scope of this lawsuit and require PDKN, PDKN P-7 and PDKN OP to undertake a new defense, PDKN, PDKN P-7 and PDKN OP had prior notice that Suarez-Lau would seek to amend the Amended Complaint with the addition of FLSA and FMMWA claims. See, e.g., ECF Doc. 27 at 5 ("Suarez-Lau's first round of discovery requests were designed, in part, to elicit from the Defendants certain data and information that would permit her and her legal counsel to evaluate the merits of adding. . . claims (including, but not limited to, alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; Article X, Section 24, Florida Constitution; and the Florida Minimum Wage Act (Section 448.110(6), Florida Statutes)) to this case.").

Third, there will be no futility resulting from Suarez-Lau's proposed Second Amended Complaint. In fact, the four new counts clearly state claims upon which relief could be granted and arise from conduct and practices PDKN, PDKN P-7 and PDKN OP engaged in at The

---

[3] The Havana Docks Court addressed this issue by noting: "Additionally, while the Court believes that the remaining three months left in the discovery period is sufficient, it will nonetheless extend the discovery deadline to February 5, 2021, and the deadline to file all pre-trial motions to February 19, 2021." Id. at 6.

Balcony before and during Suarez-Lau's employment. Specifically, Suarez-Lau seeks to add Counts XI, XII, XIII and XIV, which allege PDKN, PDKN P-7 and PDKN OP violated the FLSA and FMWA when the companies failed to: (1) compensate Suarez-Lau and similarly situated individuals who work or worked as servers, bartenders and other positions with similar job titles and/or duties at The Balcony for work done during pre-shift periods; and (2) reimburse Suarez-Lau and similarly situated individuals for the expenses and costs associated with their purchase of uniform items and/or equipment required for employment at The Balcony.

Federal courts have found similar facts in other cases to be violations of federal and state wage laws[4]. For example, the federal district court in <u>Reich v. Cole Enterprises, Inc.</u>, 901 F. Supp. 255 (S.D. Ohio 1993), determined an employer violated the FLSA by not paying employees the legal minimum wage for pre-shift hours worked that were integral and indispensable part of the employees' activities. In that case, the court observed:

> Waitresses/waiters were paid $1.96 per hour. They were not paid for time worked before or after their scheduled work shift. The average work shifts were 6:00 a.m. to 2:30 p.m. and 11:30 a.m. to 8:00 p.m. The work employees performed outside of their scheduled hours included setting up dining rooms and tables, making coffee and ice tea, cleaning, putting out side dishes and desserts, filling condiment containers and bussing tables.

<u>Id.</u> at 258. As a result, the court concluded:

> Cole Enterprises and William Cole violated the provisions of Sections 6 and 15(a)(2) of the Act by not paying their employees the minimum wage as required by law for pre-shift and post-shift hours worked that were integral and necessary to their employment activities. According to Section 3(g) of the Act, "`Employ' includes to suffer or permit to work." Defendants directed and/or permitted employees to work before their shift started and after their shift ended. Defendants did not pay employees for pre- and post-shift work. Pre-shift activities are compensable when they are an integral and indispensable part of the employees' activities.

---

[4] Florida courts rely on federal courts' interpretations of the FLSA in evaluating allegations of FMWA violations. See, e.g., <u>Martinez v. Ford Midway Mall, Inc.</u>, 59 So. 3d 168, 172 (Fla. 3d DCA 2011) (quoting Section 448.110(3), Florida Statutes (2009)) ("The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein.").

Id. at 260 (citation omitted); see also Kosakow v. New Rochelle Radiology Associates, PC, 274 F. 3d 706, 718 (2nd Cir. 2001) ("Moreover, pursuant to a regulation promulgated under the FLSA, an employee must be compensated for time she works outside of her scheduled shift, even if the employer did not ask that the employee work during that time, so long as the employer "knows or has reason to believe that [the employee] is continuing to work" and that work was "suffered or permitted" by the employer. See 29 C.F.R. § 785.11.").

Likewise, federal and Florida law require employers to compensate employees for the purchase and maintenance of required uniforms and equipment if such expenditures for these purposes reduce the employees' wages to below the minimum wage. The federal district court in Ayres v. 127 Restaurant Corp., 12 F. Supp. 2d 305 (S.D.N.Y. 1998), denied a restaurant employer's summary judgment motion based on a uniform requirement similar to that imposed by PDKN, PDKN P-7 and PDKN OP in this case:

> The "appropriate seasonal uniform" required of Le Madri employees consists of a white shirt, khakis, black shoes, and black socks. A tie, vest, and apron, which complement the outfit, are provided by Le Madri.
> . . .
>
> On this record, a reasonable juror could conclude that Le Madri's required outfit constituted a uniform. Although most of the articles of clothing at issue arguably "may be worn as part of an employee's ordinary wardrobe" and no specific brands are mandated, specific colors are required (black shoes and socks and white shirts), employees who forget certain items are not permitted to work (see Elkaim Dep. at 327), dry-cleaning costs for these items clearly are imposed on the employees, and most, if not all, of the plaintiffs had to purchase some or all of these items with their own funds.

Id. at 310; see also Martins v. MRG of South Florida, Inc., 112 So. 3d 705, 708 (Fla. 4th DCA 2013) (*citing* Reich v. Priba Corp., 890 F. Supp. 586, 596-97 (N.D. Tex. 1995) ("ruling that facts showed cocktail waitresses were required to purchase their own uniform consisting of black shoes, black bodysuit, tights, fishnet stockings, and a wide belt")).

As explained above, this Court should grant Suarez-Lau's Motion to Amend since it

satisfies the three-element test articulated by the United States Court of Appeals for the Eleventh Circuit in Bryant v. Dupree, 252 F. 3d 1161 (11th Cir. 2001).

## **CONCLUSION**

For the reasons stated above, Plaintiff, Julisa Suarez-Lau, hereby respectfully request leave of this Court to amend the Amended Complaint [ECF Doc. 4], which was filed on June 10, 2020, with the proposed Second Amended Complaint, which is attached hereto as Exhibit 1 and adds new claims and proposed collective and class actions under the Fair Labor Standards Act; Article X, Section 24, Florida Constitution; and the Florida Minimum Wage Act.

Dated: November 25, 2020                                     Respectfully submitted,

                                                                                    s/ Michael L. Buckner
                                                                                    _____
                                                                                    Michael L. Buckner, Esquire
                                                                                    Florida Bar No. 106331
                                                                                    Email: michaelbucknerlaw@gmail.com
                                                                                    5224 NW 96th Drive
                                                                                    Coral Springs, Florida 33076-2487
                                                                                    Office: +1-954-347-0112
                                                                                    Facsimile: +1-954-513-4796

                                                                                   *Attorney for the Plaintiff, Julisa Suarez-Lau*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on November 25, 2020, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s/ Michael L. Buckner
                _____
                Michael L. Buckner, Esquire

John P. Seiler, Esquire
E-mail: jseiler@sszrlaw.com
Steven A. Wahlbrink, Esquire
E-mail: swahlbrink@sszrlaw.com
LAW OFFICES OF SEILER, SAUTTER,
ZADEN, RIMES & WAHLBRINK
2850 North Andrews Avenue
Fort Lauderdale, Florida 33311

*Attorney for the Defendants,*
*P.D.K.N. Holdings, LLC, d/b/a PDKN Restaurant Group*
*P.D.K.N. P-7, LLC, and*
*P.D.K.N. P-7 OP., LLC, d/b/a The Balcony*